MARCZYK, J.S.C.
*497 ISSUE PRESENTED
The issue before the court is whether it is appropriate, in an automobile negligence action, to utilize a modified version of Model Jury Charge (Civil) § 5.34, "Photographic Evidence in Motor Vehicle Accidents," when there is testimony regarding the *498 damage to both of the motor vehicles involved in the subject accident, but no photographs were entered into evidence.[1] This raises an issue of first impression that has not been previously been decided in any reported case in this state. For the reasons set forth below, the court has determined it is appropriate to give such a modified charge when there is testimony regarding the condition of the vehicles after the accident, even when there is no photographic evidence introduced at trial.
CONTENTIONS OF THE PARTIES
The above issue arose in the context of a personal injury action stemming from an automobile accident. Plaintiff requested a modified jury instruction based on Model Jury Charge (Civil) § 5.34, "Photographic Evidence in Motor Vehicle Accidents." Plaintiff requested a revised version of the charge because neither party had obtained photographs of the vehicles after the accident, but it was expected there would be substantial testimony regarding the damage to the vehicles after the accident. Plaintiff requested the court to instruct the jury on how to evaluate the testimony with respect to motor vehicle damage as it relates to the personal injuries allegedly sustained by the plaintiff in much the same way as if there were photographs of the damaged vehicles. Plaintiff requested the charge be amended to both exclude the standard reference to photographs and include substitute language concerning testimony about the damage to the vehicles. Defendants objected to the modification *554 arguing that Model Jury Charge (Civil) § 5.34, "Photographic Evidence in Motor Vehicle Accidents" was specifically tailored to address photographs, not testimony. Accordingly, there was no basis to utilize this charge as there had been no photographs entered into evidence. Defendant further argued there would be conflicting testimony with respect to the damage to the motor vehicles and, therefore, even a modified charge would not be appropriate because the charge is *499 designed to be utilized when a jury evaluates photographs, not disputed testimony.
DISCUSSION
Model Jury Charge (Civil) § 5.34, "Photographic Evidence in Motor Vehicle Accidents" is commonly referred to as a "Brenman" charge because it is derived from our Supreme Court's decision in Brenman v. Demello, 191 N.J. 18, 921 A.2d 1110 (2007). The Court in Brenman addressed the issue of whether biomechanical expert testimony was required as a condition precedent to the admission of photographs of vehicle damage when the cause of plaintiff's injuries are at issue. Id. at 20-21, 921 A.2d 1110. The Supreme Court reviewed in detail the conflicting authority on this issue. That analysis will not be repeated here. The Brenman Court ultimately reversed the appellate division and determined that expert testimony was not required when the photographs were used to show a correlation between the damage to the vehicle and the cause or extent of the injuries claimed by plaintiff. Id. at 21, 921 A.2d 1110. The Court noted:
We acknowledge those cases outside the heartland of common knowledge where slight forces cause great injury or where great force causes little injury. In order to account for those possibilities, where photographs of vehicle damage are admitted, the trial judge should remind the jury that some bad accidents result in little injury, that some minor accidents result in serious injury, and that, therefore, the level of damage to a vehicle is but one factor to be considered, along with all of the other evidence, in determining the level of plaintiff's injuries resulting from the accident. Id. at 36, 921 A.2d 1110.
The Brenman Court referred the matter to the Supreme Court Committee on Model Jury Charges for the formulation of a specific charge. The Supreme Court Committee on Model Jury Charges subsequently composed Model Jury Charge (Civil) § 5.34, "Photographic Evidence in Motor Vehicle Accidents," which reads:
A number of photographs of one or more of the vehicles involved in the accident have been introduced into evidence. These photographs show the damage or depict the condition of the vehicles after the impact. As judges of the facts, you may attribute such weight to the photographs as you deem appropriate taking into consideration all of the other evidence in this case.
*500 In some accidents resulting in extensive vehicle damage, the occupants may suffer minor injuries or no injuries at all. In other accidents where there is no or little apparent vehicle damage, the occupants may suffer serious injuries. In reaching your decision in this matter, you are to give the photographs whatever weight you deem appropriate. They are but one factor to be considered, along with all other evidence, in determining whether plaintiff sustained injuries as a result of the accident.
In the case at bar, plaintiff testified that while her vehicle did not sustain significant damage, the front bumper on defendant's vehicle was hanging off following the accident. Defendant, on the other hand, testified the impact of the collision was minor, *555 similar to the impact you experience when riding a bumper car at an amusement park. Moreover, defendant testified that his bumper was not hanging off but merely bent downward and he used the vehicle for several weeks without any problem. While he eventually had the bumper repaired it only cost a modest sum. Plaintiff and defendant both acknowledged they had not taken photos of their vehicles after the collision.
Despite the fact that there were no photographs admitted into evidence, there was significant testimony describing the condition of the vehicles after the accident and defense counsel emphasized in closing the relative minor impact of the accident and the lack of any significant damage to the vehicles in order to paint a picture of a trivial incident incapable of causing a permanent injury. Conversely, plaintiff's counsel argued the impact was not minor and did in fact cause plaintiff to sustain a permanent injury. In the court's view, the jury here required the same guidance that is provided to a similarly situated jury that is shown photos and that a standard Brenman charge should be given to the jury in these type of cases with minor modifications. The court was not persuaded by defendant's argument that a modified charge is not appropriate because of the conflicting testimony regarding the damage to the vehicles. Juries are always called upon to weigh and balance the evidence and to evaluate the credibility of the witnesses. Here, the jury was capable of weighing the testimony to decide whether there was minor, moderate or significant damage and, in turn, the correlation between the damage to the vehicles and the cause or *501 extent of plaintiff's injuries. The court believed it would be helpful for the jury to be instructed about how to consider the damage to the vehicles in this case in relation to the alleged injuries. Accordingly, the court gave a modified Brenman charge as follows:
There has been testimony in this case regarding the damage to the motor vehicles involved in the accident. The testimony addressed the damage or condition of plaintiff's and defendant's vehicles after the impact. As judges of the facts, you may attribute such weight to the testimony as you deem appropriate taking into consideration all of the other evidence in this case.
In some accidents resulting in extensive vehicle damage, the occupants may suffer minor injuries or no injuries at all. In other accidents where there is no or little apparent vehicle damage, the occupants may suffer serious injuries. In reaching your decision in this matter, you are to give the testimony as to the motor vehicle damage whatever weight you deem appropriate. This is but one factor to be considered, along with all other evidence, in determining whether the plaintiff sustained injuries as a result of the accident.
While no photographs were introduced into evidence, the attorneys, through the witnesses, attempted to paint a portrait of the damage to both vehicles as a result of the accident. Based on this testimony and the specific descriptions of the condition of the vehicles after the accident, the court believes it is helpful for the jury to be aware of how to evaluate that testimony. The court finds the slight modification to the Brenman charge is not difficult to comprehend. To the contrary, the modified charge provides the jury with the same substantive information set forth in the Brenman charge. While Model Jury Charge (Civil) § 5.34 is entitled "Photographic Evidence in Motor Vehicle Accidents" the importance of the charge is not so much based on the existence of photographs *556 in a particular case, but rather how a jury should evaluate motor vehicle damage in relation to the alleged injuries. That evidence of vehicle damage is in the form of testimony rather than photographs should not govern whether the charge is given.

This opinion supplements an opinion given on the record during the trial in the above matter.